IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER D. ROMERO, | CASE NO. CV F 07-0164 OWW LJO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |
| vs. | |
| CITIBANK (SOUTH DAKOTA), NA, | |
| Defendant. / | |

**INTRODUCTION**

On January 29, 2007, pro se plaintiff Roger D. Romero ("plaintiff") filed a document entitled "Motion to Transfer to Federal District Court." The motion's caption names Citibank (South Dakota), NA ("Citibank") as the defendant. This Court construes the motion as plaintiff's attempt to remove an arbitration proceeding to this Court in that the motion states:

> Plaintiff moves the Court to transfer this action from JAMS to Federal Jurisdiction for the reasons that defendant is a banking institution that is under the direct regulatory control of the Secretary of Treasury pursuant to the Banking Holiday Act of Congress of 1933 codified at 12 USCA § 95. . . .
>
> . . .
>
> . . . The case at bar is clearly one which qualifies as a federal question that can only be litigated in a federal court which has exclusive jurisdiction over banking statutes mandated by Congress.

1

# DISCUSSION

## Removal Standards And Procedures

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan*, 76 F.3d at 1485; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant "has the burden of establishing that removal was proper." *Duncan*, 76 F.3d at 1485; *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994).

This Court is empowered to summarily remand this action:

> The United States district court in which such notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4).

Plaintiff fails to demonstrate that the underlying arbitration proceeding is subject to this Court's jurisdiction. Plaintiff's motion fails to satisfy removal notice requirements in that, among other things, the motion does not indicate a timely attempt to remove (even if removal is available). *See* 28 U.S.C. § 1446(a), (b). Moreover, if plaintiff proceeds in the underlying arbitration proceeding as a plaintiff, he is unable to seek removal to federal court in that the right to remove is vested exclusively in "the defendant or the defendants." 28 U.S.C. § 1441(a).

## RECOMMENDATION AND ORDER

For the reasons discussed above, this Court RECOMMENDS to DISMISS this action on grounds that plaintiff wrongly attempts to remove an underlying arbitration proceeding to this Court.

---

[2] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

1  These findings and recommendations are submitted to the United States district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  No later than February 16, 2007, plaintiff may file written objections to these findings and recommendations with the Court and in compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district court will then review the magistrate judge's ruling, pursuant to 28 U.S.C. § 636(b)(1)(c)).  Plaintiff is admonished that failure to file objections within the specified time may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This Court directs the clerk to serve a copy of these findings and recommendations on Eric Lipper, Hirsch & Westheimer, PC, 700 Louisiana, 25th Floor, Houston, TX 77002-2728.

IT IS SO ORDERED.

**Dated:   January 31, 2007**               /s/ Lawrence J. O'Neill
66h44d                                           UNITED STATES MAGISTRATE JUDGE