IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER D. ROMERO,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CITIBANK (SOUTH DAKOTA) NA,<br><br>　　　　　　Defendant. | No. CV-F-07-164 OWW<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR STATEMENT OF<br>FACTS AND CONCLUSIONS OF LAW<br>(Doc. 10) |

　　　Plaintiff Roger D. Romero, proceeding *in pro per*, has filed a "Motion for Statement of Facts and Conclusions of Law for Each Motion Submitted by Plaintiff".  Plaintiff moves the Court "to furnish Plaintiff with a statement of facts and conclusions of law for each motion he submits, in order for him to present errors of fact and law in the lower court's reasoning to the Ninth Circuit Court of Appeals, and for this Court to grant this Plaintiff Due Process of Law and to 'clock in' and 'clock out' on the time spent processing each motion."

　　　Plaintiff's motion is DENIED.

1

The requirement for findings of fact and conclusions of law is set forth in Rule 52, Federal Rules of Civil Procedure. Rule 52(a) provides in pertinent part:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action ... Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule.

Rule 52(c) provides in pertinent part:

> If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule.

Here, there has been no trial. The Magistrate Judge, on findings, recommended that this action be dismissed as an improper attempt by Plaintiff to remove a dispute that was in arbitration to the federal court. Based on this correct legal analysis, following *de novo* consideration of Plaintiff's objections to the recommendation, the case was ordered dismissed for lack of subject matter jurisdiction. No findings of fact or

2

1  conclusions of law are required by Rule 52.  Further, the Ninth
2  Circuit has rejected any requirement that findings of fact and
3  conclusions of law be prepared on all motions because such a
4  requirement "would paralyze our overburdened trial courts with
5  one more-time consuming duty."  *D'Emanuele v. Montgomery Ward &*
6  *Co., Inc.*, 904 F.2d 1379, 1388 (9th Cir.1990).
7       Plaintiff further contends that the only way he "will know
8  that he has had an Article III federal judge actually read,
9  research and rule on his issues would be if everyone involved
10 (law clerk(s), judge or whoever) 'clocks in' and 'clocks out'
11 when they work on his motions (a practice engaged in by all major
12 law firms, which bill in 6 minute increments)."
13      Plaintiff's request appears to be based on his assumption
14 that United States District Court Judges do not themselves review
15 civil matters under submission to them and rely on their legal
16 staff to conduct research and draft orders or opinions.
17 Plaintiff's written observations allege that this is a greater
18 problem in prisoner cases.  There is no requirement under the law
19 requiring District Court Judges and/or their legal staff to
20 record the amount of time spent on a pending matter.  The
21 timekeeping practice followed by law firms is for the purpose of
22 billing their clients, a need not applicable to federal district
23 courts.  The Order in this case adopting the Magistrate Judge's
24 recommendation is based on a *de novo* review of the case,
25 including Plaintiff's objections to the findings and
26 recommendation, conducted by the United States District Court

3

Judge.

CONCLUSION

For the reasons stated above:

1.  Plaintiff's "Motion for Statement of Facts and Conclusions of Law for Each Motion Submitted by Plaintiff" is DENIED.

2.  Plaintiff's demand that the Court "clock in" and "clock out" for time spent working on Plaintiff's motions is DENIED.

IT IS SO ORDERED.

**Dated:   March 28, 2007**               /s/ Oliver W. Wanger
668554                                    UNITED STATES DISTRICT JUDGE